**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SONIA GARCIA,

    Plaintiff,

v.                                         Case No: 6:14-cv-255-Orl-40TBS

WAL-MART STORES EAST, L.P.,

    Defendant.

_____

**ORDER**

    This matter comes before the Court on Defendant's Motion for Summary Judgment and Memorandum of Law in Support Thereof (Doc. 25), filed April 7, 2014. On April 21, 2014, Plaintiff responded (Doc. 29). For the following reasons, the Court denies Defendant's motion for summary judgment without prejudice.

    When Defendant moved for summary judgment on April 7, 2014, the Court had not yet entered a Case Management and Scheduling Order. On April 15, 2014, the Court entered the Case Management and Scheduling Order, which provided a discovery deadline of July 7, 2014. (Doc. 27). In her response, Plaintiff contends that Defendant's motion for summary judgment is premature because Plaintiff had not been afforded an opportunity to engage in discovery at that time. (Doc. 29, p. 1). Defendant has not replied to Plaintiff's response.

    Although the Federal Rules of Civil Procedure no longer require that the parties complete discovery before a district court may enter summary judgment, *see* Fed. R. Civ. P. 56, it is well-settled that entry of summary judgment is disfavored where the non-moving party has not had time to engage in meaningful discovery that is necessary to

defend against the motion for summary judgment, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Here, Defendant filed its motion for summary judgment before Plaintiff had any meaningful opportunity to conduct discovery. The record reflects that Plaintiff has vigorously pursued discovery since Defendant filed its motion for summary judgment, (*see, e.g.*, Docs. 30, 33, 38), and that Plaintiff was unable to adequately respond to Defendant's motion because of the lack of discovery, (Doc. 29, pp. 2–3). Moreover, on May 28, 2014, Defendant moved to extend all deadlines in order to continue to engage in discovery with Plaintiff, (Doc. 40), leading to the conclusion that the Court would not be able to address Defendant's motion for summary judgment on the merits. On June 30, 2014, the Court granted Defendant's unopposed motion to extend deadlines and enlarged both the discovery and the dispositive motions deadlines to November 3, 2014 and December 8, 2014, respectively. (Doc. 46). Because Plaintiff was not afforded an opportunity to conduct discovery at the time Plaintiff filed the instant motion for summary judgment, the motion is premature.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment and Memorandum of Law in Support Thereof (Doc. 25) is **DENIED WITHOUT PREJUDICE**. The parties may move for summary judgment on or before the dispositive motions deadline, if appropriate.

**DONE AND ORDERED** in Orlando, Florida on September 2, 2014.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record